490 U.S. at 325, 109 S.Ct. 1827; *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. 2548.

The defendants sought summary judgment on the basis that Rankine failed to exhaust his administrative remedies. A prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit. *See Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The three steps in the Pennsylvania grievance process are (1) Initial Review pursuant to DC–ADM–804 Part VI.B of the inmate's filed grievance; (2) the first appeal from the Initial Review, or Appeal to Facility Manager pursuant to DC–ADM–804 Part VI.C; and (3) a final appeal, the Appeal to the Secretary's Office of Inmate Grievances and Appeals pursuant to DC–ADM–804 Part VI.D. *See Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir.2004).

In support of their summary judgment motion, the defendants submitted a 367–page appendix containing the complete record of Rankine's 143 grievances filed at SCI–Greene from January 20, 2004 through August 25, 2004. As explained by the Magistrate Judge in a Report and Recommendation adopted by the District Court, Rankine is barred from relief because of the procedural defaults he committed during the grievance process, *id.* at 230 (Prison Litigation Reform Act contains a procedural default component). Specifically, he did not properly file for final appeal concerning any pertinent griev-

ance.[2] Although many of his grievances were rejected prior to the final appeal stage on the ground that he would not use the exact spelling of his name as it appears on his judgment of commitment, we agree with the Magistrate Judge that the grievance process was not thereby rendered unavailable to him. *Cf. Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir.2000) (exhaustion requirement met where Office of Professional Responsibility fully examined merits of excessive force claim and correctional officers may have impeded filing of grievance). On the contrary, the summary judgment record establishes that the grievance process remained open to Rankine notwithstanding that many of his grievances were frivolous.

We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Ronald PRUDEN, Appellant**

v.

**SCI CAMP HILL; SCI Cresson; SCI Houtzdale; SCI Graterford; SCI Huntingdon; SCI Smithfield; Doctors and Medical Staff at Schuylkill County Prison; Doctors and Staff at SCI Camp Hill; Unit Manager Ms. Nolan; Beregovaskaya, doctor SCI Hunting-**

---

don; Alterman, Doctor SCI Huntingdon; Bowers, Doctor SCI Smithfield; Dr. Long, SCI Smithfield; Program Review Comm, at SCI Graterford.

No. 07-3073.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 18, 2007.

Filed: Oct. 30, 2007.

Ronald Pruden, Graterford, PA, pro se.

Before: BARRY, CHAGARES and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Ronald Pruden, appeals from the order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint with prejudice. For the reasons that follow, we will dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

On March 20, 2007, Pruden filed a complaint pursuant to 42 U.S.C. § 1983. The District Court determined that the complaint failed to comply with Fed.R.Civ.P. 8, 10, and 20 and dismissed the complaint without prejudice. The District Court's order provided Pruden with an opportunity to file an amended complaint within twenty days and warned Pruden that failure to do so would result in dismissal of the action with prejudice. After Pruden failed to file an amended complaint within the specified time period, the District Court entered an order dismissing Pruden's action with prejudice. Pruden appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1). Because Pruden has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319,

325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The District Court concluded that Pruden's complaint failed to comply with Fed R. Civ. P. 8, 10, and 20. We agree. Pruden's complaint avers multiple constitutional violations that occurred over a span of seven years. His claims arise out of different transactions and occurrences, and in many instances he fails to specify the defendant or defendants that committed the alleged constitutional violation. The District Court dismissed the complaint without prejudice and allowed Pruden twenty days in which to file an amended complaint. Pruden failed to do so. Because Pruden decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed Pruden's complaint with prejudice. *See In re Westinghouse Securities Litigation,* 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned Pruden that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." *Id.* (quoting *Spain v. Gallegos,* 26 F.3d 439, 455 (3d Cir.1994)).

For the foregoing reasons, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Pruden's motion for counsel is denied.